**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | |
| UNITED STATES PATENT AND | ) | JUDGE: |
| TRADEMARK OFFICE, | ) | |
| | ) | |
| and | ) | |
| | ) | |
| KIMBERLY C. KELLEHER | ) | |
| *in her official capacity as Director of the* | ) | |
| *USPTO Office of Enrollment and* | ) | |
| *Discipline,* | ) | |
| | ) | |
| and | ) | |
| | ) | |
| JOHN A. SQUIRES, | ) | |
| *in his official capacity as Under Secretary* | ) | |
| *of Commerce for Intellectual Property* | ) | |
| *and Director of the United States Patent* | ) | |
| *and Trademark Office,* | ) | |
| | ) | |
| *Defendants.* | ) | |

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF

Plaintiff John Doe ("Doe"), by and through undersigned counsel, for his Complaint against

Defendants, United States Patent and Trademark Office ("USPTO"), Kimberly C. Kelleher

("Kelleher") in her official capacity as Director of the USPTO Office of Enrollment and Discipline,

and John A. Squires ("Squires") in his official capacity as Under Secretary of Commerce for

Intellectual Property and Director of the USPTO, states and alleges as follows:

1

**PARTIES, JURISDICTION, AND VENUE**

1.      Plaintiff Doe is a natural person and citizen of the State of Ohio who resides within the territorial jurisdiction of this Court. Doe is a registered patent attorney licensed to practice before the USPTO.

2.      Plaintiff Doe is seeking leave to proceed in this action pseudonymously insofar has he has brought this action pursuant to the Administrative Procedures Act to challenge the legality of attorney disciplinary proceedings initiated against him under 35 U.S.C. § 32. USPTO disciplinary proceedings are confidential pursuant to The Privacy Act of 1974. *See* 5 U.S.C. § 552a(b)( "[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.") [1]; *see also* 37 C.F.R. §§ 102.21(a) (requiring USPTO "to take every reasonable step to protect [Privacy Act protected] information from unwarranted disclosure.") Documents constituting "[c]omplaints and information obtained during investigations and quasi-judicial disciplinary proceedings" involving any registered patent attorney (including Plaintiff Doe) are maintained by the USPTO's Office of Enrollment and Discipline and are part of the agency's Privacy Act system of records. *See Notice of Amendment of Privacy Act System of Records*, 78 Fed. Reg. 16833, 16833-84 (Mar. 19, 2023) (identifying Privacy Act system of disciplinary proceeding records as "COMMERCE/PAT-TM-2 Complaints, Investigations and Disciplinary Proceedings Relating to Attorneys and Agents Registered or Recognized to Practice Before the Office.") Absent an applicable exception, records of USPTO disciplinary investigations and proceedings may only be publicly disclosed "[u]pon a

---

[1] The limitation on disclosure is subject to a number of exceptions that are not relevant to the present proceeding. See 5 U.S.C. § 552a(b)(1)-(13).

final order reprimanding, suspending, or excluding an attorney or agent" from practice before the USPTO. *See id.* at 16834. As no such final order has issued, Plaintiff Doe is entitled to proceed pseudonymously to protect his right to confidentiality under 5 U.S.C. § 552a.

3.      The USPTO is an administrative agency under the United States Department of Commerce ("DOC") with a stated mission to deliver timely examination of patent and trademark applications. Among other things, the USPTO is empowered to initiate administrative proceedings, pursuant to 35 U.S.C. § 32, against registered patent practitioners, and trademark practitioners, for alleged violations of the USPTO Rules of Professional Conduct. The USPTO's principal place of business is located at 600 Dulany Street, Alexandria, VA 22314.

4.      Kelleher is upon information and belief the current Director of the USPTO Office of Enrollment and Discipline. Kelleher was the Acting Director of the USPTO Office of Enrollment and Discipline and was the named signatory of the disciplinary complaint against Plaintiff. Kelleher is being sued in her official capacity only.

5.      Squires is the Under Secretary of Commerce for Intellectual Property and Director of the USPTO. Squires is being sued in his official capacity only.

6.      This action arises under the laws of the United States, and this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. *See generally Axon Enter., Inc. v. Fed. Trade Comm'n*, 598 U.S. 175 (2023) (holding that the FTC's statutory review scheme does not displace a district court's federal-question jurisdiction over claims challenging the legality of the FTC's structure or existence such as the ones alleged here with respect to the USPTO).

7.      Venue is proper under 28 U.S.C. § 1391(e), as Plaintiff Doe resides in this judicial district.

3

## FACTUAL BACKGROUND

8.      Plaintiff Doe is an attorney registered to practice in patent matters before the USPTO.

9.      On August 12, 2025, OED filed a formal "Complaint and Notice of Hearing Under 35 U.S.C. § 32" (hereinafter, "Complaint") against Plaintiff Doe (hereinafter, the "Disciplinary Case").   Defendant Kelleher, in her then-capacity as Acting Director of OED, signed the Complaint. The Complaint seeks an order suspending and/or excluding Plaintiff Doe from practice before the USPTO.

10.      OED's Complaint against Plaintiff Doe was "filed" via email with the United States Department of Housing and Urban Development ("HUD") Office of Hearings and Appeals, whereupon the Disciplinary Case was assigned to HUD Administrative Law Judge Alexander Fernández-Pons ("ALJ Fernández-Pons") for further proceedings, including conducting a trial and issuing an initial decision, including proposed findings of fact, conclusions of law, and sanction. *See* 37 C.F.R. §§ 11.34 – 11.54.  Unless a party files an appeal to the USPTO Director, the hearing officer's initial decision "will, without further proceedings, become the final decision of the USPTO Director 30 days from the date of the decision of the hearing officer."  *Id.* at § 11.54(d).

11.      ALJ Fernández-Pons, the "hearing officer" in this matter, is an employee of HUD.

12.      ALJ Fernández-Pons is not an officer or employee of the USPTO.

13.      The OED Director chooses where to file OED Disciplinary Complaints.  The OED Director chose to file the Disciplinary Complaint against Plaintiff Doe with HUD.  Moreover, upon information and belief, ALJ Fernández-Pons is the only ALJ at HUD who hears USPTO disciplinary complaints.  Therefore, when filing the Disciplinary Complaint with HUD, Defendant

Kelleher knew or should have known that the Complaint would be assigned to ALJ Fernández-Pons.

14.     By "filing" its Complaint in the Disciplinary Case with ALJ Fernández-Pons, USPTO has acted in a manner contrary to governing statutes and regulations, which provide that the USPTO Director only has discretion to appoint any attorney who is an "officer or employee of" the USPTO to preside over attorney disciplinary hearings.

15.     Pursuant to 35 U.S.C. § 32,

> The [USPTO] Director may, after notice and opportunity for a hearing, suspend or exclude, either generally or in any particular case, from further practice before the Patent and Trademark Office, any person, agent, or attorney shown to be incompetent or disreputable, or guilty of gross misconduct, or who does not comply with the regulations established under section 2(b)(2)(D), or who shall, by word, circular, letter, or advertising, with intent to defraud in any manner, deceive, mislead, or threaten any applicant or prospective applicant, or other person having immediate or prospective business before the Office. The reasons for any such suspension or exclusion shall be duly recorded. ***The Director shall have the discretion to designate <u>any attorney who is an officer or employee of the United States Patent and Trademark Office</u> to conduct the hearing required by this section***. A proceeding under this section shall be commenced not later than the earlier of either the date that is 10 years after the date on which the misconduct forming the basis for the proceeding occurred, or 1 year after the date on which the misconduct forming the basis for the proceeding is made known to an officer or employee of the Office as prescribed in the regulations established under section 2(b)(2)(D). […].

(emphasis added).

16.     Implementing regulations, in turn, require that "[a] hearing officer designated by the USPTO Director shall conduct disciplinary proceedings as provided by this part." 37 C.F.R. § 11.39(a).

17.     Pursuant to those same regulations, "[a] hearing officer […] shall be either an administrative law judge appointed under 5 U.S.C. § 3105 or an attorney designated under 35 U.S.C. 32." 37 C.F.R. § 11.39(b)(4).

5

18. Read in tandem, as they must be, 37 C.F.R. § 11.39 and its enabling statute, 35 U.S.C. § 32, require that the person presiding over a matter such as Plaintiff's Disciplinary Case be (a) designated by the USPTO Director and (b) an "officer or employee" of the USPTO who is either an administrative law judge appointed under 5 U.S.C. § 3105 or an attorney.

19. Upon information and belief, the USPTO does not employ any Administrative Law Judges who are appointed under 5 U.S.C. § 3105.

20. Upon information and belief, the USPTO has never employed any Administrative Law Judges who are appointed under 5 U.S.C. § 3105.

21. The permanent absence of any Administrative Law Judge at the USPTO who is appointed under 5 U.S.C. § 3105 is confirmed by the USPTO's February 24, 2026 response to a Freedom of Information Act ("FOIA") request submitted by one of Plaintiff Doe's attorneys in the Disciplinary Case, which confirms, that, the "USPTO does not employ Administrative Law Judges." A true and accurate copy of the USPTO's response to the aforementioned FOIA request is attached hereto as **Exhibit A**.

22. The USPTO has defended the filing of its Complaint against Plaintiff Doe with the HUD Office of Hearings and Appeals by citing to an "Interagency Agreement Between The Department of Housing and Urban Development And The United States Patent and Trademark Office For Performance of Reimbursable Work" (the "HUD Interagency Agreement"), signed March 27, 2013. A true and accurate copy of the HUD Interagency Agreement is attached hereto as **Exhibit B**.

23. The HUD Interagency Agreement "sets forth the terms and conditions by which HUD agrees to provide ALJs, support staff, and court reporters to conduct formal proceedings and to hear and decide cases sent to it for adjudication by USPTO."

24.     The HUD Interagency Agreement further requires HUD to "furnish USPTO with all appropriate billing information" including "number of hours worked by the ALJ and support personnel, and cost" and mandates that "HUD will furnish itemized bill [*sic*] to USPTO for reimbursement on a regular basis." *See* **Exhibit B** at pg. 3.

25.     Under the HUD Interagency Agreement, USPTO agrees to "reimburse HUD upon receipt of invoice for 100 percent of the costs incurred during this period as a result of the performance of this adjudicatory work", which "includes personnel compensation at current salary (to include actual cost-of-living adjustments) for the period of time specified in this Agreement; all normal personnel benefits paid by HUD for these employees; all overtime authorized by USPTO; supplies specifically purchased for work completed for the USPTO cases; and an overhead cost for administrative services attributable to the reimbursable work performed as determined by HUD, not to exceed 13% of the salaries and benefits costs." *See* **Exhibit B** at pg. 3.

26.     One of the named signatories to the HUD Interagency Agreement is William Covey.  At the time of the HUD Interagency Agreement, Mr. Covey was the Deputy General Counsel for the USPTO and the Director of the OED.  He is also the "administrator" of the HUD Interagency Agreement.  As "administrator" under the Agreement, Mr. Covey has the power to review and approve (or disapprove, redline, or disallow) all or part of HUD invoices sent for reimbursement to the USPTO.  For example, the Interagency Agreement provides the USPTO with the power to authorize payment for the hearing officer's overtime requests. **Exhibit B** at pg. 3 (authorizing reimbursement of USPTO-authorized overtime). Moreover, even if Mr. Covey personally no longer holds the position of administrator under the HUD Agreement, the

responsibilities for managing the contractor's performance would necessarily fall upon another officer or employee of the USPTO.

27. This structure is inherently biased in favor of the USPTO, which has the power to approve or, conversely, to strike or disallow, the time and expenses incurred by its ALJs and staff in their performance of duties as "adjudicators" under the HUD Interagency Agreement. In essence, the "prosecutor" is responsible for authorizing the amount paid to the agency employing the "judge", including prosecutor-approved overtime, in the very same matter that the prosecutor is serving as a prosecutor before the HUD ALJ.

28. In light of this structure, the payment provisions of the HUD Interagency Agreement objectively give the appearance of bias on the part of HUDs ALJs presiding over USPTO disciplinary cases.

29. This "pay for play" system has worked well for OED: HUD ALJs disproportionately rule in favor of OED and against practitioner respondents. In fact, the undersigned is unaware of any decision in which ALJ Fernández-Pons (or any other HUD ALJ) has refused to recommend a public disciplinary sanction against a practitioner in a USPTO disciplinary proceeding since the HUD Interagency Agreement went into force—a period that spans over 13 years.

30. ALJ Fernández-Pons is, upon information and belief, the only HUD ALJ who presently hears and decides USPTO disciplinary cases.

31. The HUD ALJs generally, and ALJ Fernández-Pons specifically, are reasonably objectively seen as beholden to the OED Director in matters in which HUD and the ALJs they employ have, at the very least, an indirect financial interest in and/or benefit from the outcome of such proceedings—and the desire to obtain additional cases for more "reimbursable" work.

8

32.     In light of this appearance of bias, the OED Director's practice of referring disciplinary cases to HUD creates a real risk of "forum" or "judge" shopping inimical to the interests of fair play and due process. *See United States v. Pearson*, 203 F.3d 1243, 1257 (10th Cir. 2000) (recognizing that a prosecutor's attempt to influence the assignment of a case to particular judge "raises substantial due process concerns.").

33.     Indeed, the OED Director unilaterally selects where to file its disciplinary complaints. Upon information and belief, the OED Director's practice is to file a disciplinary complaint either with HUD or the Environmental Protection Agency, which has its own "Interagency Agreement" with the USPTO.

34.     On information and belief, other hearing officers from at least one other agency who previously were authorized to hear USPTO disciplinary cases and who had issued rulings unfavorable to the OED Director are no longer authorized to hear such cases—their "interagency agreements" were not renewed.

35.     The HUD Interagency Agreement provides that "[t]he authority for USPTO and HUD to enter into this Agreement is pursuant to 35 U.S.C. § 2(b)(5)." To the extent USPTO attempts to justify the Interagency Agreement under 35 U.S.C. § 2(b)(5), its reliance on this statute is misplaced.

36.     Specifically, 35 U.S.C. § 2(b)(5) provides that USPTO "may use, with their consent, services, equipment, personnel, and facilities of other departments, agencies, and instrumentalities of the Federal Government, on a reimbursable basis, and cooperate with such other departments, agencies, and instrumentalities in the establishment and use of services, equipment, and facilities of the Office."

37.     35 U.S.C. § 2(b)(5) is a generic statute relating to USPTO's general operations. This general borrowing statute makes no reference to disciplinary proceedings, generally, or borrowing ALJs, specifically.

38.     On the other hand, 35 U.S.C. § 32 *specifically* addresses disciplinary proceedings (such as the Disciplinary Case against Plaintiff Doe) and provides that the USPTO Director "may, after notice and opportunity for a hearing, suspend or exclude" a practitioner, and that the USPTO Director may "designate" an "officer or employee of the United States Patent and Trademark Office" to "conduct the hearing required by this section"  Applying the well-established rule that vague or general statutory provisions give way to more specific enactments, *see Green v. Bock Laundry Mach. Co.*, 490 U.S. 504, 524 (1989), USPTO cannot rely on 35 U.S.C. § 2(b)(5) to support USPTO's "borrowing" of employees of other agencies to preside over attorney disciplinary proceedings in contravention of the specific and express terms of 35 U.S.C. § 32.

39.     Alternatively, USPTO has relied on the provisions of 5 U.S.C. § 3344 to justify its "borrowing" of HUD ALJs. This statute provides that "[a]n agency […] which ***occasionally or temporarily*** is ***insufficiently staffed*** with administrative law judges appointed under section 3105 of this title may use administrative law judges […] from and with the consent of other agencies" (emphasis added). The fact that USPTO is permanently without its own ALJs appointed under § 3105 (as confirmed in the FOIA response attached hereto as **Exhibit A**), precludes USPTO's reliance on 5 U.S.C. § 3344 to file its Complaint against Plaintiff Doe with a HUD ALJ. Axiomatically, an agency that does not employ ***any*** ALJs under § 3105 (and has not done so for

10

at least the past quarter century) cannot be "occasionally or temporarily […] insufficiently staffed" with ALJs, such that the "borrowing" provisions of § 3344 would be applicable.[2]

40.     In sum, ALJ Fernández-Pons is not legally authorized to preside over Respondent's Disciplinary Case insofar as he is not an "officer or employee" of the USPTO as required by 35 U.S.C. § 32, and neither 35 U.S.C. § 2(b)(5) nor 5 U.S.C. § 3344 permit the "borrowing" of ALJs from other agencies by USPTO for purposes of presiding over attorney disciplinary matters.

41.     The hearing in Plaintiff's Doe's Disciplinary Case before ALJ Fernández-Pons is scheduled to commence on October 14, 2026.

42.     Insofar as the hearing in Plaintiff Doe's disciplinary case has not yet commenced (and will not commence, unless enjoined by this Court, until October 14, 2026), Plaintiff Doe has not exhausted administrative remedies. Plaintiff Doe has not exhausted administrative remedies because his challenge to the filing of his Disciplinary Case before ALJ Fernández-Pons concerns the overall structure of the proceedings under *Axon Enterprise, Inc. v. Federal Trade Commission,* 598 U.S. 175 (2023), and is not based on the underlying facts of the Disciplinary Case.

## STANDING

43.     Plaintiff Doe has standing to bring this action because he has suffered concrete, particularized, and actual injuries directly traceable to the unlawful structure and actions of the USPTO. Plaintiff has been subjected to unlawful administrative proceedings, causing harm to his professional reputation, financial interests, and fundamental due process rights.

---

[2] Plaintiff Doe filed a Motion to Dismiss in the Disciplinary Case, arguing *inter alia* that 5 U.S.C. § 3344 did not authorize the USPTO to "borrow" ALJs from other agencies for purposes of presiding over attorney disciplinary proceedings. Although ALJ Fernández-Pons denied Plaintiff Doe's Motion to Dismiss, he nonetheless held that "5 U.S.C. § 3344 has no bearing on this matter."

11

44.     The procedurally flawed proceedings before ALJ Fernández-Pons have impaired Plaintiff in his ability to operate his business and earn a livelihood without unjust governmental interference. Plaintiff's injuries are directly traceable to the actions of the USPTO and structure of the USPTO's disciplinary process, which are in violation of federal law as explained *supra*. The filing of Plaintiff's Disciplinary Case with a HUD ALJ who is not authorized by statute to preside over USPTO disciplinary proceedings is the proximate causes of the harm suffered by Plaintiff. These structural defects have deprived Plaintiff of the ability to defend himself in a neutral and lawful forum.

45.     The injuries described are redressable through this Court's intervention. A declaratory judgment invalidating the USPTO's practice of filing attorney disciplinary matters with ALJs of other federal agencies, including HUD, would address Plaintiff's injuries by restoring his right to a fair hearing before a statutorily authorized officer or employee of the USPTO and terminating ongoing unlawful proceedings before ALJ Fernández-Pons. Furthermore, injunctive relief prohibiting the USPTO from pursuing further actions under its current framework would prevent additional harm to Plaintiff.

46.     Plaintiff's claims fall squarely within the framework of Article III standing as articulated by the Supreme Court in *Lujan v. Defenders of Wildlife*, 504 U.S. 555 (1992). Being subjected to unconstitutional administrative authority, as recently clarified in *Axon Enterprise, Inc. v. Federal Trade Commission*, 598 U.S. 175 (2023), constitutes a concrete and immediate injury sufficient to meet the injury-in-fact prong of standing.

47.     Additionally, the structural challenges presented in this case are precisely the type of claims the Supreme Court has recognized as appropriate for immediate judicial review, even

without the exhaustion of administrative remedies. Plaintiff therefore seeks relief directly from this Court under its federal question jurisdiction pursuant to 28 U.S.C. § 1331.

48.     Thus, Plaintiff meets all elements of Article III standing: he has suffered a concrete injury caused by the USPTO's unconstitutional practices, which this Court has the power to redress through appropriate declaratory and injunctive relief.

## FIRST CLAIM FOR RELIEF
**(Declaratory Judgment that USPTO's Prosecution of Plaintiff Doe's Disciplinary Case Before ALJ Fernández-Pons Violates 35 U.S.C. § 32)**

49.     Plaintiff incorporates by reference all preceding allegations as if fully re-stated herein.

50.     Pursuant to 35 U.S.C. § 32, "[t]he [USPTO] Director shall have the discretion to designate any attorney *who is an officer or employee of the United States Patent and Trademark Office* to conduct the hearing required by this section" (emphasis added).

51.     Pursuant to 37 C.F.R. § 11.39, the hearing officer must be designated by the USPTO Director and "shall be either an administrative law judge appointed under 5 U.S.C. § 3105 or an attorney designated under 35 U.S.C. 32."

52.     35 U.S.C. § 32 and 37 C.F.R. § 11.39 require that the person presiding over a matter such as Plaintiff's Disciplinary Case be (a) designated by the USPTO Director and (b) an "officer or employee" of the USPTO who is either an administrative law judge appointed under 5 U.S.C. § 3105 or an attorney.

53.     37 C.F.R. § 11.39 cannot be read to expand the mandate of 35 U.S.C. 32 and permit the appointment of ALJs who are not themselves "officers" or "employees" of the USPTO to preside over attorney disciplinary proceedings. To the extent 37 C.F.R. § 11.39 can be read to permit the appointment of an ALJ who is not an "officer or employee" of the USPTO to preside

13

over attorney disciplinary proceedings, the regulation impermissibly exceeds the mandate of 35 U.S.C. 32 and is contrary to law.

54. On August 12, 2025, OED filed its Complaint against Plaintiff Doe by emailing a copy of the Complaint to the HUD Office of Hearings and Appeals, whereupon Plaintiff Doe's Disciplinary Case was assigned to ALJ Fernández-Pons.

55. ALJ Fernández-Pons is neither an officer nor an employee of the USPTO.

56. OED unlawfully, and in violation of 35 U.S.C. § 32 and 37 C.F.R. § 11.39, initiated the Disciplinary Case against Plaintiff Doe by filing its Complaint with HUD ALJ Fernández-Pons, who is not an "officer or employee" of the USPTO.

57. Because 35 U.S.C. § 32 specifically address attorney disciplinary proceedings, USPTO may not rely on the general employee-borrowing provisions of 35 U.S.C. § 2(b)(5) to justify its filing of the Complaint against Plaintiff with ALJ Fernández-Pons.

58. Moreover, and because USPTO is permanently without any ALJs appointed under 5 U.S.C. § 3105 (and is not "occasionally or temporarily […] insufficiently staffed" with ALJs appointed under 5 U.S.C. § 3105), USPTO may not rely on 5 U.S.C. § 3344 to "borrow" ALJs from other agencies like HUD.

59. Because ALJ Fernández-Pons was improperly appointed to preside over Plaintiff's Disciplinary Case in contravention of 35 U.S.C. § 32 and implementing regulations, USPTO is illegally prosecuting Plaintiff's Disciplinary Case before a hearing officer with no authority to conduct the hearing and potentially impose career-terminating sanctions on Plaintiff.

60. This Court's immediate intervention is required to redress the injury being inflicted on Plaintiff by being subjected to illegitimate administrative proceedings before a decision maker who has been appointed in contravention of 35 U.S.C. § 32 and 37 C.F.R. § 11.39.

14

**SECOND CLAIM FOR RELIEF**
**(Declaratory Judgment that USPTO's Prosecution of Plaintiff Doe's Disciplinary Case Before ALJ Fernández-Pons Violates The Administrative Procedures Act, 5 U.S.C. § 7706)**

61.     Plaintiff incorporates by reference all preceding allegations as if fully re-stated herein.

62.     Pursuant to APA, 5 U.S.C. § 706, a "reviewing court shall decide all relevant questions of law, interpret constitutional and statutory provisions, and determine the meaning or applicability of the terms of an agency action."

63.     Under the APA, a reviewing court "shall . . . (2) hold unlawful and set aside agency action, findings, and conclusions found to be—(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) contrary to constitutional right, power, privilege, or immunity; (C) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; [and] (D) without observance of procedure required by law. . . " 5 U.S.C. § 706(2)(A)-(D).

64.     Because ALJ Fernández-Pons was improperly appointed to preside over Plaintiff's Disciplinary Case in contravention of 35 U.S.C. § 32 and implementing regulations, USPTO's illegal prosecution of Plaintiff's Disciplinary Case violates the Administrative Procedures Act and Due Process.

65.     As a result of the foregoing, the USPTO's action in Plaintiff's Disciplinary Case is, *inter alia*, (a) "arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law"; (b) "contrary to constitutional right, power, privilege or immunity'"; (c)"in excess of statutory jurisdiction, authority, or limitations, or short of statutory right" and/or (d) "without observance of procedure required by law."

**WHEREFORE**, Plaintiff, John Doe, respectfully prays for judgment in his favor and against Defendants as follows:

15

(1) That this Honorable Court declare that ALJ Fernández-Pons was unlawfully appointed to preside over Plaintiff's Disciplinary Case in contravention of 35 U.S.C. § 32 and 37 C.F.R. § 11.39.

(2) Alternatively, and to the extent the Court holds that 37 C.F.R. § 11.39(b)(4) permits the appointment of an ALJ who is not an "officer" or "employee" of the USPTO to preside over USPTO attorney disciplinary proceedings, declare that 37 C.F.R. § 11.39(b)(4) exceeds the statutory mandate of 35 U.S.C. § 32 and is contrary to law.

(3) That this Honorable Court declare that the USPTO has violated 5 U.S.C. § 706(2)(A)-(D).

(4) That this Honorable Court preliminarily and permanently enjoin Defendants from proceeding any further with Plaintiff's Disciplinary Case before ALJ Fernández-Pons or any other person not properly designated to preside over attorney disciplinary cases under 35 U.S.C. § 32.

(5) That this Honorable Count award such other and further relief that it deems just and proper.

Dated: July 23, 2026

Respectfully submitted,

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH  44308
Telephone:     (330) 253-5060
Facsimile:     (330) 253-1977
E-mail:          djrudary@bmdllc.com

Michael E. McCabe, Jr.
(*Pro Hac Vice* Motion Pending)
**MCCABE ALI LLP**
9233 Fall River Lane
Potomac, Maryland 20854
Telephone:     301.798.1110
Facsimile:     310.828.8181
Email:          mike@mccabeali.com

*Counsel for Plaintiff John Doe*

17