**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | |
| *Plaintiff,* | ) | |
| | ) | CASE NO.: |
| v. | ) | |
| | ) | |
| UNITED STATES PATENT AND | ) | JUDGE: |
| TRADEMARK OFFICE, *et al.* | ) | |

## MOTION TO PERMIT PLAINTIFF TO PROCEED UNDER PSEUDONYM

Plaintiff John Doe ("Doe"), by and through undersigned counsel, respectfully moves this

Honorable Court for an order permitting Plaintiff to proceed in this action pseudonymously under

the authority of *Doe v. Porter*, 370 F.3d 558 (6th Cir. 2004). A Memorandum in Support of this

Motion is attached hereto and incorporated by reference herein.

Dated: July 23, 2026                    Respectfully submitted,

                                        /s/ *Daniel J. Rudary*
                                        Daniel J. Rudary (0090482)
                                        **BRENNAN, MANNA & DIAMOND, LLC**
                                        75 E. Market Street
                                        Akron, OH  44308
                                        Telephone:    (330) 253-5060
                                        Facsimile:    (330) 253-1977
                                        E-mail:       djrudary@bmdllc.com

                                        Michael E. McCabe, Jr.
                                        (Pro Hac Vice Motion Pending)
                                        **MCCABE ALI LLP**
                                        9233 Fall River Lane
                                        Potomac, Maryland 20854
                                        Telephone:    301.798.1110
                                        Facsimile:    310.828.8181
                                        Email:        mike@mccabeali.com

                                        *Counsel for Plaintiff John Doe*

**MEMORANDUM IN SUPPORT**

**I.      BACKGROUND**

Plaintiff Doe is an attorney registered to practice in patent matters before the United States Patent and Trademark Office ("USPTO"). *Compl.* (Doc #: 1) at ¶ 1. On August 12, 2025, the USPTO's Office of Enrollment and Discipline ("OED") filed a formal "Complaint and Notice of Hearing Under 35 U.S.C. § 32" against Plaintiff Doe (hereinafter, the "Disciplinary Case"). *Id.* at ¶ 9.

USPTO disciplinary proceedings are confidential pursuant to The Privacy Act of 1974. *See* 5 U.S.C. § 552a(b) ("[n]o agency shall disclose any record which is contained in a system of records by any means of communication to any person, or to another agency, except pursuant to a written request by, or with the prior written consent of, the individual to whom the record pertains.") [1]; *see also* 37 C.F.R. §§ 102.21(a) (requiring USPTO "to take every reasonable step to protect [Privacy Act protected] information from unwarranted disclosure.").   Documents constituting "[c]omplaints and information obtained during investigations and quasi-judicial disciplinary proceedings" involving any registered patent attorney (including Plaintiff Doe) are maintained by the USPTO's Office of Enrollment and Discipline and are part of the agency's Privacy Act system of records.  *See Notice of Amendment of Privacy Act System of Records*, 78 Fed. Reg. 16833, 16833-84 (Mar. 19, 2023) (identifying Privacy Act system of disciplinary proceeding records as "COMMERCE/PAT-TM-2 Complaints, Investigations and Disciplinary Proceedings Relating to Attorneys and Agents Registered or Recognized to Practice Before the Office.")   Absent an applicable exception, records of USPTO disciplinary investigations and

_____

[1] The limitation on disclosure is subject to a number of exceptions that are not relevant to the present proceeding.  See 5 U.S.C. § 552a(b)(1)-(13).

1

proceedings may only be publicly disclosed "[u]pon a final order reprimanding, suspending, or excluding an attorney or agent" from practice before the USPTO.  *See id.* at 16834; *see also* 37 C.F.R. § 11.29(h) (providing, "all proceedings under this section involving allegations of disability of a practitioner shall be kept confidential until and unless the USPTO Director enters an order reciprocally transferring or transferring the practitioner to disability inactive status.").

To date, no final order reprimanding, suspending, or excluding Plaintiff Doe from practice before the USPTO has been entered. *Compl.* (Doc #: 1) at ¶ 2. The hearing on Plaintiff Doe's Disciplinary Case is scheduled to commence on October 14, 2026. *Id.* at ¶ 43. Thus, Plaintiff Doe's rights to confidentiality continue.  Plaintiff Doe has brought this civil action to challenge the illegal structure of the Disciplinary Case against him. In particular, Plaintiff Doe challenges the USPTO's filing of its complaint in the Disciplinary Case before U.S. Department of Housing and Urban Development ("HUD") Administrative Law Judge Fernández-Pons ("ALJ Fernández-Pons). As explained more fully in Plaintiff Doe's Motion for Preliminary Injunction, 35 U.S.C. § 32 only permits the USPTO Director to appoint an attorney who is an "officer or employee" of the USPTO to preside over disciplinary hearings. Plaintiff Doe alleges that, by filing the Disciplinary Case before ALJ Fernández-Pons, the USPTO has acted contrary to law and that, as a result, he is now being subjected to an illegitimate proceeding before an illegitimate decision maker. For the reasons that follow, Plaintiff Doe should be permitted to proceed under a pseudonym in this action.

## II.    ARGUMENT

Federal Rule of Civil Procedure 10(a) ordinarily requires that the parties to a lawsuit be named in the caption of the complaint. Nevertheless, courts in the Sixth Circuit permit a plaintiff to proceed pseudonymously in some circumstances. *Doe v. Porter*, 370 F.3d 558, 560 (6th Cir. 2004). The Sixth Circuit has recognized four situations in which pseudonyms are appropriate,

commonly referred to as the "Porter factors": (1) Whether the plaintiffs seeking anonymity are suing to challenge governmental activity; (2) Whether the prosecution of the suit will compel the plaintiffs to disclose information "of the utmost intimacy"; (3) Whether the litigation compels plaintiffs to disclose an intention to violate the law, thereby risking criminal prosecution; and (4) Whether the plaintiffs are children. *Porter*, 370 F.3d at 560 (*quoting Doe v. Stegall*, 653 F.2d 180, 185-86 (5th Cir. 1981)). Courts also consider whether allowing a plaintiff to proceed by pseudonym would force a defendant "to proceed with insufficient information to present their arguments against the plaintiff's case." *Citizens for a Strong Ohio v. Marsh*, 123 F. App'x 630, 636 (6th Cir. 2005).

The *Porter* test is readily satisfied here. First, Plaintiff Doe's Complaint challenges the legality of government action—specifically, the USPTO's prosecution of the Disciplinary Case before an administrative law judge of the Department of Housing and Urban Development. Leave to proceed under a pseudonym is also appropriate in light of the severe reputational harm that would befall Plaintiff if, prior to any actual adjudication of wrongdoing, he is publicly named as the respondent in a pending USPTO attorney disciplinary proceeding. Indeed, the USPTO's own regulations governing such proceedings provide that they "will not be open to the public" 37 C.F.R. § 11.44(c). To date, Plaintiff Doe has not been found liable for violating any of USPTO's rules of professional conduct. Accordingly, he is entitled to maintain the confidentiality of the Disciplinary Case against him pursuant to The Privacy Act and 37 C.F.R. § 11.44(c). All aspects of the Disciplinary Case are protected by the Privacy Act, including: (1) that Plaintiff Doe is a respondent in such a proceeding; (2) all records of the USPTO and Plaintiff Doe from the proceeding; (3) all testimony and any hearings in the Disciplinary Case. This information is entitled to protection. It would be patently unfair that Plaintiff Doe be forced to waive his privacy

3

as the price for seeking recourse against the very agency that initiated and is pursuing the confidential proceeding.

Finally, the government's ability to defend this case will not be impaired by Plaintiff Doe proceeding pseudonymously. Plaintiff Doe's Complaint discloses the date on which the Disciplinary Case against him was filed (August 12, 2025) and the date on which it is presently set for trial (October 14, 2026). The government can easily determine who Plaintiff Doe is with reference to this information. Moreover, Plaintiff Doe's claims in this case raise pure questions of law pertaining to the structure of the proceedings in his Disciplinary Case. Thus, it will not be necessary for the government or this Court to refer to the facts of the Disciplinary Case in connection with this civil action. *See Axon Ent., Inc. v. Fed. Trade Comm.*, 598 U.S. 175, 192 (2023) (challenge to unconstitutional structure of administrative enforcement proceedings was wholly collateral to the merits of those proceedings "because [plaintiffs] are challenging the Commissions' power to proceed at all, rather than actions taken in the agency proceedings.").

Because the *Porter* test is satisfied in this case, Plaintiff Doe should be given leave to proceed in this action pseudonymously.

## III.    CONCLUSION

Pursuant to the argument and authorities cited herein, Plaintiff Doe respectfully requests that this Honorable Court grant him leave to procced in this civil action under a pseudonym.

4

Dated: July 23, 2026

Respectfully submitted,

/s/ *Daniel J. Rudary*
Daniel J. Rudary (0090482)
**BRENNAN, MANNA & DIAMOND, LLC**
75 E. Market Street
Akron, OH  44308
Telephone:     (330) 253-5060
Facsimile:     (330) 253-1977
E-mail:          djrudary@bmdllc.com

Michael E. McCabe, Jr.
(Pro Hac Vice Motion Pending)
**MCCABE ALI LLP**
9233 Fall River Lane
Potomac, Maryland 20854
Telephone:     301.798.1110
Facsimile:     310.828.8181
Email:          mike@mccabeali.com

*Counsel for Plaintiff John Doe*

5

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing *Motion to Permit Plaintiff to Proceed Under Pseudonym* will be delivered to the Clerk of Court for service upon the below-listed parties with the *Summons* and *Complaint* via certified U.S. Mail in accordance with Northern District of Ohio Local Rule 4.2(a):

United States Patent and Trademark Office
Mail Stop Office of the General Counsel
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Kimberly C. Kelleher
Mail Stop OED
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

John A. Squires
Mail Stop Office of the General Counsel
Director of the U.S. Patent and Trademark Office
P.O. Box 1450
Alexandria, VA 22313-1450

Office of the United States Attorney for the Northern District of Ohio
Attn: Civil Process Clerk
801 West Superior Avenue, Suite 400
Cleveland, OH 44113-1852

Attorney General of the United States
U.S. Department of Justice
950 Pennsylvania Avenue, NW
Washington, DC 20530-0001

/s/ *Daniel J. Rudary*
*Counsel for Plaintiff*